UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CURTIS FELL,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 3:14-cv-05243-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

  Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

  On March 10, 2011, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications he became disabled beginning February 4, 2011. <u>See</u> ECF #9, Administrative Record ("AR") 33. Both applications were denied upon initial administrative review on July 14, 2011, and on reconsideration on October 3, 2011. <u>See id.</u> A hearing was held before an administrative law judge ("ALJ") on October 15, 2012, at

ORDER - 1

which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 1-22.

In a decision dated November 9, 2012, the ALJ determined plaintiff was disabled from February 4, 2011, through July 31, 2012, but that his disability ended on August 1, 2012. See AR 33-45. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on January 24, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 23; 20 C.F.R. § 404.981, § 416.1481. On March 20, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1. The administrative record was filed with the Court on May 28, 2014. See ECF #9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical opinion from treating physician Georgia Heisterkamp, M.D.; (2) in failing to discuss pulmonary function tests from August 2011 and April 2012; and (3) in assessing plaintiff's residual functional capacity. For the reasons set forth below, the Court agrees the ALJ erred in evaluating Dr. Heisterkamp's opinion, and thus in assessing plaintiff's RFC and in determining him o be not disabled.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

ORDER - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Commissioner of the Social Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." <u>Id.</u>; <u>see</u> <u>also</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3rd Cir. 1981); <u>Garfield v. Schweiker</u>, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

ORDER - 4

those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In a letter dated July 12, 2012, Dr. Heisterkamp opined that plaintiff "should not be lifting more than 10 pounds or performing strenuous activities." AR 800. The ALJ gave "great weight" to that opinion "for the period from February 4, 2011 through July 31, 2012." AR 39. The ALJ went on to find, however, that beginning August 1, 2012, plaintiff's condition had improved to the point where he could perform light work (see AR 42-43), which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b), § 416.967(b). In explaining her finding, the ALJ stated:

> . . . The record shows that after the claimant's colostomy reversal and hernia repair on May 8, 2012, his condition improved significantly. For example, during a routine follow up appointment on May 30, 2012, the claimant's treating physician, Mark Fischer, MD, opined that the claimant's physical conditions of hyperlipidemia, mild diabetes, neuropathy, colostomy, obstructive sleep apnea, and shortness of breath had all improved (Ex. 12F/11-15). Dr. Fischer opined that the claimant was "Overall, medically and surgically much better" (Ex. 12F/14).
>
> Subsequently, when the claimant met with Dr. Fischer on July 30, 2012, he reported no falling, headaches, or syncope (Ex. 12F/6). Despite the claimant's report of weakness on his left side, the claimant reported gradually increased functioning, and no abdominal pain. These unguarded statements by the claimant made in the course of medical treatment are not entirely consistent

ORDER - 5

> with his testimony at the hearing, in which he stated he fell three times per week, and continued to experience abdominal pain.
>
> Due to the discrepancies between the claimant's testimony, and his unguarded statements to his treating providers, I do not find that the claimant's allegations of his limitations are fully credible, after August 1, 2012. In addition, given the candid nature of the claimant's reporting to Dr. Fischer, and Dr. Fischer's assessment of the claimant's improved level of functioning, I give great weight to Dr. Fischer's opinion.

AR 43. Plaintiff argues the evidence of improvement the ALJ cites above does not provide an adequate basis for discounting Dr. Heisterkamp's lifting limitation, because that evidence does not actually address the ability to lift. The Court agrees. Indeed, neither the opinion of Dr. Fisher nor plaintiff's own statements thereto are necessarily incompatible with the restriction to lifting no more than 10 pounds found by Dr. Heisterkamp, particularly as there is no indication as to the nature or extent of improvement plaintiff experienced in regard to lifting. See AR 836 ("He is gradually more and more functional"; "No [headaches], falling, syncope"; "No new [shortness of breath]"); 839-40 (diabetes, neuropathy, chronic fatigue, weakness, and obesity "[i]mproved"); 841 ("[Patient] is gradually improving."); 843 ("looking better," "smiling"); 844 (hyperlipidemia "[i]mproved" and "[o]verall, medically and surgically much better"; diabetes, neuropathy, colostomy, diverticulitis, and shortness of breath "[i]mproved"). The ALJ thus failed to give adequate reasons for discounting Dr. Heisterkamp's lifting limitation.

      Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining

ORDER - 6

capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

As discussed above, the ALJ found that beginning August 1, 2012, plaintiff had the residual functional capacity to perform light work. See AR 42. But because as also discussed above, the ALJ failed to provide adequate reasons for giving significant weight to the opinion of Dr. Heisterkamp only up to that date and not thereafter, her RFC assessment cannot be said to be supported by substantial evidence. If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

ORDER - 7

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 19. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 19-20. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 44-45. But because as just discussed the ALJ's RFC assessment cannot be said to accurately describe all of plaintiff's limitations, so too can it not be said that the hypothetical question the ALJ posed fully and completely describes his functional capabilities. As such, the ALJ's step five determination cannot be upheld.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because as discussed above issues still remain in regard to the medical opinion evidence in the record concerning plaintiff's physical functional limitations, and therefore in regard to his RFC and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 29th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9