UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CURTIS FELL, <br><br>           Plaintiff, <br><br>    v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br>           Defendant. | Case No. 3:14-cv-05243-KLS <br><br> ORDER GRANTING PLAINTIFF'S PETITION FOR COSTS AND ATTORNEY FEES |

This matter is before the Court on plaintiff's filing of a petition for costs and attorney fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"). See ECF #18. Plaintiff seeks a total of $400.00 in costs and $6,815.29 in attorney fees. See id. After reviewing plaintiff's petition, defendant's response to that petition, plaintiff's reply thereto, and the remaining record, the Court hereby finds that for the reasons set forth below plaintiff's petition should be granted.

FACTUAL AND PROCEDURAL HISTORY

On September 29, 2014, the Court issued an order reversing defendant's decision to deny plaintiff's applications for disability insurance and supplemental security income benefits, and remanding this matter for further administrative proceedings. See ECF #16. Specifically, the Court found the ALJ erred in giving great weight to the opinion of Georgia Heisterkamp, M.D., that plaintiff should not lift more than 10 pounds only through July 31, 2012, on the basis that the opnion of plaintiff's other treating physician, Mark Fischer, M.D., and plaintiff's own self-

ORDER - 1

reports showed his condition had improved. Instead, the Court agreed with plaintiff that that evidence did not necessarily show his ability to lift had improved.

On November 27, 2014, plaintiff filed his petition for costs and attorney fees. See ECF #18. As defendant has filed her response to plaintiff's motion (see ECF #19), and plaintiff has filed her reply thereto (see ECF #20), this matter is now ripe for the Court's review.

DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).[1] Such a

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." Id., 296 F.3d at 854. Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." Id. "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.") A remand under sentence four thus "becomes a final

ORDER - 2

plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. Id. There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, this case was remanded for further administrative proceedings. In addition, defendant does not argue that there are – nor do there appear to be – any special circumstances making an award of attorney fees unjust.

As noted above, to be entitled to attorney fees under the EAJA, defendant's position also must not be "substantially justified." Jean, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at 158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Pierce, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d at 1258.  Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each

---

judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan, 296 F.3d at 854. A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Id. Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855. Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

ORDER - 3

stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 4

position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569 (noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335. Defendant argues the government's position had a reasonable basis in both law and fact. The Court agrees the government's position had a reasonable basis in law, given that a treating physician's opinion may be rejected if contradicted by the evidence in the record overall. See Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept opinion of treating physician if inadequately "by the record as a whole").

     The Court disagrees, however, that the ALJ's reliance on Dr. Fisher's findings to reject the opinion of Dr. Heisterkamp had a reasonable basis in fact. Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting Corbin, 149 F.3d at 1053). In Corbin, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. Corbin, 149 F.3d at 1053. In Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in Corbin in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in Corbin, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing

ORDER - 5

clear and convincing reasons." Id.

Here, as explained in the Court's order reversing and remanding this matter, the evidence the ALJ relied on to reject Dr. Heisenkamp's opinion failed to show any actual improvement in the ability to lift specifically. In essence, therefore, the ALJ's rejection of that opinion had no evidentiary basis. This amounts to the same type of fundamental procedural error the Ninth Circuit has held does not warrant a finding of substantial justification. Accordingly, the Court declines to find the government's position was substantially justified in this case.

For all of the foregoing reasons the Court finds plaintiff's petition for costs and attorney fees (see ECF #18) should be granted. Accordingly, the Court hereby orders as follows:

(1) Plaintiff is granted costs in the amount of $400.00, and attorney fees in the amount of $6,815.29.[3]

(2) Subject to any offset allowed under the Treasury Offset Program, as discussed in Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521 (2010), payment of this award shall be sent to plaintiff's attorney Todd R. Renda at his address: 6314 19th St. West, Suite 21, Tacoma, Washington 98466-6223.

(3) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to Astrue v. Ratliff, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to

---

[3] This includes the additional $645.25 in attorney fees plaintiff seeks for filing a reply to defendant's response to his petition for costs and attorney fees. See ECF #20, p. 3; Jean, 496 U.S. at 161-62 ("absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action"; "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole") (citing Sullivan v. Hudson, 490 U.S. 877, 888 (1989) (where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded")).

ORDER - 6

determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney Todd Renda, either by direct deposit or by check payable to him and mailed to his address.

DATED this 11th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7